Anna Love Hopkins v. Commissioner.
Hopkins v. Commissioner
Docket No. 108433.
United States Tax Court
1943 Tax Ct. Memo LEXIS 514; 1 T.C.M. (CCH) 400; T.C.M. (RIA) 43016; January 11, 1943
*514 George Link, Jr., Esq., 17 John St., New York City, and Charles H. Buckley, Esq., for the petitioner. Ralph H. Dwan, Esq., and Clay C. Holmes, Esq., for the respondent. SMITH
Memorandum Opinion SMITH, Judge: The petitioner assails a deficiency determination in her income tax for 1938 in the amount of $3,558.92. She alleges that the respondent erroneously disallowed the deduction of a capital loss in the sum of $13,412.25. [The Facts] The facts have been stipulated as follows: 1. That the taxpayer duly filed her 1938 income tax return with the Collector of Internal Revenue for the third District of New York. 2. That the respondent thereafter disallowed as a deduction an alleged capital loss for the year 1938 in the sum of $13,412.25, which was claimed by taxpayer on the sale of 2,000 shares of Golden Center Mines, Inc., which were purchased by petitioner on the 14th day of September, 1928, at a cost of $26,750, which stock was sold by petitioner at public auction in the year 1938 for a total sum of $6.00, the expense of such sale being $80.50. 3. That the assets of Golden Center Mines, Inc., from 1935 through 1938, consisted of 513,626 shares of Mining and Development Corporation *515 $5.00 par value stock in the hands of and in control of Golden Center Mines, Inc., and so remains to this day. Said 513,626 shares of Mining and Development Corporation were and are convertible into 2,568,130 shares of Mining and Development Corporation $1.00 par stock. 4. That a certificate of dissolution of Golden Center Mines, Inc. was filed on February 26, 1936. Stock of Mining and Development Corporation held by the Golden Center Mines, Inc. on that date was not distributed to its stockholders, nor has it ever been distributed to its stockholders, nor has it ever been distributed to the stockholders of Golden Center Mines, Inc.
5. That upon filing the certificate of dissolution of Golden Center Mines, Inc., all of its assets were taken over and all of its liabilities assumed by Mining and Development Corporation. Of the indebtedness so assumed $19,607.74 was not released by creditors of Golden Center Mines, Inc.
6. From the date of its organization on March 9, 1925 Golden Center Mines, Inc. reported losses in its income tax returns for each of the years 1926, 1927, 1928 and 1929 in the following amounts: 1926, $206,990.26; 1927, $100,061.61; 1928, $42,373.59; 1929, $154,955.91. *516 From the year 1930, Golden Center Mines, Inc. was not engaged in active mining operations. 7. That at the time it filed an application for reorganization under section 77B of the Bankruptcy Act, the Mining and Development Corporation had debts outstanding of $321,013.26, as follows: Mortgage
$100,000.00
Notes Payable
31,032.16
Accounts Payable (esti-
mated in part)
189,981.10
8. After the certificate of dissolution of Golden Center * Mines, Inc. was filed on February 26, 1936, the stock of the Mining and Development Corporation held by Golden Center Mines, Inc. was not distributed to the stockholders of the latter corporation because of insufficient funds and because of lack of interest on the part of the stockholders. In addition to the large losses referred to in paragraph 6 of the stipulation, Golden Center Mines, Inc. had no net earnings in 1930 or thereafter and had no substantial liquid assets, cash or otherwise. 10. Likewise, Mining and Development Corporation had no net earnings from its inception. It was unsuccessful in its efforts to raise capital for development purposes since the Securities & Exchange Commission declined to authorize the sale of new stock *517 except upon conditions which could not be complied with by the applicant. 11. Although there was some income, the amount being unstated, from the operation of the Bolivian mines, there was no remittance made of any part of those earnings to Mining and Development Corporation because of restrictions imposed by the Government of Bolivia. Moreover, the Bolivian company lacked machinery for large-scale operations and it was necessary to transport the product of the mine by pack animals to the railroad. [Opinion] The question for decision by this Court is whether the petitioner is entitled to deduct from gross income of 1938 any amount whatever because of the loss sustained by her upon the sale of 2,000 shares of capital stock of Golden Center Mines, Inc., which had cost her $26,750. and which she caused to be sold at public auction in 1938 at an expense to her of $80.50. The successful bidder at the public auction paid only $6 for the entire 2,000 shares. The respondent disallowed the deduction of the claimed capital loss upon the ground "that the capital stock of the Golden Center Mines, Inc. became worthless prior to the year 1938 and therefore, the loss claimed by you on the *518 sale of such stock for a nominal amount is disallowed as a deduction for the year 1938." The petitioner, to prove her case, has introduced in evidence certain exhibits in the matter of Mining and Development Corporation in proceedings for the reorganization of that corporation under section 77B of the Bankruptcy Act pending in the United States District Court for the Southern District of New York. These exhibits give certain historical information with regard both to Mining and Development Corporation and Golden Center Mines, Inc., and to a number of related corporations. The petitioner requests this Court to give careful consideration to the statements of assets and liabilities of Mining and Development Corporation and also of other corporations. We have given such consideration to them. The conclusion to be drawn from the entire record is that Golden Center Mines, Inc., never reached a development stage. It was apparently organized to control numerous mining claims or corporations owning such mining claims. That appears to have been true with regard to Mining and Development Corporation also. There is no evidence that that corporation was ever able to pay off the indebtedness *519 of Golden Center Mines, Inc., which it had assumed in 1936 and there is no evidence that its interest in the Bolivian mines had any actual value, or that the interest of Golden Center Mines, Inc., in Mining and Development Corporation had any marketable value. In our opinion the petitioner has failed to show that the respondent erred in his determination that the petitioner's 2,000 shares of stock in Golden Center Mines, Inc., became worthless prior to 1938. The determination of the respondent is approved. Decision will be entered for the respondent.